## Lippincott Estate

*Stanley R. Kotzen,* for petitioner.

*George S. Saulnier and Walter M. Burkhardt,* for trustee.

*Garland D. Cherry, William H. Eastburn, 3rd,* and *Edmund L. Harvey,* for remaindermen.

SWENEY, P. J., June 2, 1970.—We have before us the petition of Laurence C. Lippincott for an increase in his monthly allowance from $600 to $800 and money to buy a new car. The request for a new car has been withdrawn.

Decedent died on March 21, 1958, leaving a will with various codicils. By adjudication dated June 22, 1959, the residue of the estate was awarded to the Fidelity-Philadelphia Trust Company as trustee. The will provides that the trustee shall have the right and sole discretion to invade principal to provide for the comfortable maintenance of any beneficiary due to illness, incapacity or other unforeseen emergency.

Laurence C. Lippincott is the present recipient of the trust income for the duration of his life. He is presently 65 years old, married and incapable of working. In addition to monthly payments from the trust, he receives $150 per month from total disability Social Security.

The value of the estate at the time of hearing in this matter was $115,902. Undoubtedly, it has decreased in value in the past few months.

On April 21, 1966, petitioner, his son, Carroll E. Lippincott and the trustee entered into an agreement, whereby trustee paid petitioner $600 per month, agreed to pay Blue Cross and Blue Shield insurance and "in addition Trustee in its sole discretion may make additional invasions of principal when trustee deems it proper in the event of unforeseen emergencies; provided, however, the term unforeseen emer-

gencies shall not be interpreted to include ordinary living expenses or property maintenance."

Since this agreement, which was made part of the adjudication and approved by the court (VanRoden, P. J.), the trustee has paid large sums for medical and psychiatric services. For the period from January 1, 1969, to December 5, 1969, these bills aggregated $4,782.25, of which $3,500 went to pay a psychiatrist. Principal was invaded, during the same period, in the sum of $3,217.53 to pay with income the sum of $600 per month. The trustee estimates that at the present rate of expenditures the trust will end in 10 or 11 years.

As we understand petitioner's position, he says (1) the trustee is abusing its discretion in refusing to increase the monthly allowance from $600 to $800; (2) the trustee should change the present securities of the trust and invest in securities which will pay eight percent per annum, and (3) the emergency which makes this necessary is the rise in the cost of living.

We do not feel that we have the right to direct the trustee to do anything in this matter. We do not find that the trustee is abusing its discretion. We have carefully reviewed the costs of living testified to by petitioner; we feel that it is time for him to retrench. He is living in a home, bequeathed to him under his father's will; he has no expenses in connection with this home except taxes and repairs. He should be able to live comfortably on his present income of $750 per month.

If we felt that we had the right, under the law, to substitute our discretion for the trustee, we would look into the subject of psychiatric bills and would refuse to pay them unless we could be shown that they are essential and necessary. No psychiatrist was

called as a witness in this matter and we are not particularly impressed by the proposition of calling in another psychiatrist to reevaluate the situation. We feel that petitioner would be less inclined to call upon a psychiatrist if he found that he had to pay the bill himself.

There is bad blood between petitioner and his son, so the chance of an agreement is not possible. There was a suggestion made which had merit, the trustee to pay $700 per month and petitioner to pay his own medical bills. However, there was no agreement on this compromise and we, therefore, do not decree it, but we do say, in our opinion, it is a sensible compromise and one with which petitioner should be able to live with.

## DECREE

And now, June 2, 1970, it is ordered and decreed that the petition of Laurence C. Lippincott for an increase in his monthly contribution from the trust fund of the Estate of C. Carroll Lippincott is discharged.